# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANNON D. MARSHALL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RADIUS HOSPITAL MANAGEMENT II, INC. d/b/a RADIUS SPECIALTY HOSPITAL,<br><br>Defendant. | No. 1:14-cv-13867-FDS |

## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Pursuant to Local Rule 83.5.2, undersigned counsel Jeffrey Webb and Douglas Brayley of Ropes & Gray LLP respectfully move for leave to withdraw as counsel for Defendant Radius Specialty Hospital, LLC ("Defendant"), erroneously sued as Radius Hospital Management II, Inc.

Defendant has requested and instructed counsel from Ropes & Gray LLP to move to withdraw as counsel. *See* Affidavit of Paul Kemp, attached hereto as Exhibit A. It has therefore concluded that its interests would not be materially adversely affected by the withdrawal of counsel. *See* Mass R. Prof'l Conduct 1.16(b) ("a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client").

Allowing this Motion would not prejudice the Defendant—indeed, it would reflect Defendant's right to choose and direct its legal representation. *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir. 1985) ("There is no requirement of law or common sense that a court compel counsel to continue to represent a [ ] client when there has been a termination of

1

the attorney-client relationship before trial by mutual consent."); *cf. Thomas & Betts Corp. v. New Albertson's Inc.*, No. 10-11947-DPW, 2013 WL 7118025 (D. Mass Dec. 4, 2013) (allowing motion to withdraw as attorney where client requested law firm to cease to represent it in the matter and where case was "still at a relatively early stage" with approximately two months remaining until the close of discovery).

This case is in its infancy: There are no motions pending before this Court and there are three months remaining until the close of discovery. No dispositive motions have been submitted and no trial date has been set. While Defendant has not secured successor counsel, this Court retains authority to allow counsel to withdraw from representation for good cause shown. *See* Local Rule 83.5.2(c)(2); *Hammond v. T.J. Litle & Co., Inc.*, 809 F. Supp. 156, 163 (D. Mass. 1992) (granting leave for counsel to withdraw from representation). Here, where Defendant has asked counsel to move to withdraw from representation and where the case is at its outset, there is ample cause to grant the motion and no countervailing hardship. *Cf. Thomas & Betts Corp.*, 2013 WL 7118025, at *2 (allowing counsel to withdraw representation of corporation without arranging successor counsel).

Therefore, the undersigned counsel, on behalf of Defendant, respectfully request that this Court grant leave to withdraw as counsel in the above-captioned matter.

2
51590333_2

Dated: July 21, 2015

Respectfully submitted,

Radius Specialty Hospital, LLC, d/b/a Radius Specialty Hospital.

By its attorneys

/s/ Douglas E. Brayley
Jeffrey F. Webb (BBO # 674478)
Douglas E. Brayley (BBO # 676821)
Ropes & Gray LLP
Prudential Tower
800 Boylston Street
Boston, Massachusetts 02199-3600
(617) 951-7000
Jeffrey.Webb@ropesgray.com
Douglas.Brayley@ropesgray.com

## CERTIFICATE OF SERVICE

I, Douglas E. Brayley, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

Dated: July 21, 2015

s/ Douglas E. Brayley
Douglas E. Brayley

